1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    BELKORP AG, LLC, a Delaware limited          No. 1:23-cv-00762-DJC-DB
      liability company,
12
                       Plaintiff,
13                                                 **ORDER**

            v.
14
      VENTURE PRODUCTS, INC., an Ohio
15    corporation,

16                     Defendant.

17

18

19          Plaintiff, a Delaware limited liability company, brings multiple state law claims

20    arising from the termination of their agreement with Defendant, an Ohio corporation,

21    to sell golf and turf equipment.  Defendant now moves to transfer this action to the

22    United States District Court for the Northern District of Ohio, arguing the transfer is

23    required under the Parties' agreement which includes a valid forum selection clause.

24    For the reasons stated below, the Court agrees, and will grant the venue transfer.

25                    **FACTUAL AND PROCEDURAL BACKGROUND**

26          Plaintiff Belkorp AG, LLC is a dealer of agricultural, construction, and golf/turf

27    equipment.  (Compl. (ECF No. 1) ¶ 6.)  Plaintiff is incorporated in Delaware with its

28    principal place of business in Modesto, California.  (*Id*. ¶ 1.)

                                          1

1       In 2016, Plaintiff entered into a Turf House Dealer Agreement ("Dealer

2   Agreement") with Defendant Vulture Products, Inc., a manufacturer and supplier of

3   power equipment used in the golf and turf industries, to market Defendant's

4   equipment.  (*Id*. ¶¶ 7–8.)  Defendant is an Ohio corporation.  (*Id*. ¶ 2.)  The Dealer

5   Agreement automatically extended each year unless terminated by one of the Parties.

6   (*Id*. ¶ 9.)  On April 3, 2023, Defendant notified Plaintiff that it would be terminating the

7   Dealer Agreement effective October 31, 2023.  (*Id*. ¶¶ 19–20.)

8       Plaintiff filed their Complaint on May 16, 2023, bringing claims under the

9   California Fair Practices of Equipment Manufacturers, Distributors, Wholesales, and

10   Dealers Act ("CEDA"), Cal. Bus. & Prof. Code §§ 22900, *et seq.*, and the Ohio Farm

11   Machinery or Construction Equipment Dealers and Suppliers Law, Ohio Rev. Code

12   Ann. §§ 1353.01, *et seq.*  (*Id*. ¶¶ 23–85.)  Defendant filed a Motion to Transfer Venue

13   on July 7, 2023, to transfer this action to the United States District Court for the

14   Northern District of Ohio.  (Mot. Transfer Venue (ECF No. 6) at 2.)  The Motion is fully

15   briefed and was taken under submission by the Court pursuant to Local Rule 230(g).

16   (ECF No. 11.)

17                                   **LEGAL STANDARD**

18       Under 28 U.S.C. § 1404(a), a district court may, for "the convenience of parties

19   and witnesses," "transfer any civil action to any other district or division where it might

20   have been brought or to any district or division to which all parties have consented."

21   The purpose of section 1404(a) "is to prevent the waste 'of time, energy and money'

22   and 'to protect litigants, witnesses, and the public against unnecessary inconvenience

23   and expense[.]'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain*

24   *Co. v. Barge FBL-585*, 364 U.S. 19, 26–27 (1960)).  In considering a transfer pursuant to

25   section 1404(a), the district court undertakes an "individualized, case-by-case

26   consideration of convenience and fairness."  *Jones v. GNC Franchising, Inc.*, 211 F.3d

27   495, 498 (9th Cir. 2000) (internal citation omitted).

28   *////*

                                             2

1       Typically, in considering a venue transfer, courts "must evaluate both the

2    convenience of the parties and various public-interest considerations," "weigh[ing] the

3    relevant factors and decid[ing] whether, on balance, a transfer would serve 'the

4    convenience of the parties and witnesses' and otherwise promote 'the interests of

5    justice.'" *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Texas*, 571 U.S. 49, 62–63

6    (2013) (quoting 28 U.S.C. § 1404(a)). "The calculus changes, however, when the

7    parties' contract contains a valid forum-selection clause, which represents the parties'

8    agreement as to the most proper forum." *Id*. (citation and internal quotation marks

9    omitted). Under such circumstances, "a proper application of [section] 1404(a)

10    requires that a forum-selection clause be given controlling weight in all but the most

11    exceptional cases." *Id*. at 59–60 (citation and internal quotation marks omitted).

12                       **ANALYSIS**

13       Defendant argues that this action must be transferred to the United States

14    District Court for the Northern District of Ohio because the Dealer Agreement

15    contains a valid forum-selection clause, which states:

16

17              Any action filed by either party as a result of a dispute
resulting from [the Dealer Agreement] shall only be filed in
the Common Pleas Court of Wayne County, Ohio, or in the

18              United States District Court for the Northern District of
Ohio, it being expressly agreed by Dealer and VPI that said

19              forums shall have exclusive and sole jurisdiction and venue
to hear disputes between the parties arising out of [the

20              Dealer Agreement.]

21

22    (Mot. Transfer Venue at 3.) Plaintiff opposes the transfer on two grounds. First,

23    Plaintiff asserts that the forum-selection clause is void pursuant to CEDA such that

24    enforcing it would defy California's public policy. (Opp'n Mot. Transfer Venue (ECF

25    No. 16) at 2–3.) Second, Plaintiff argues that in the absence of a valid forum-selection

26    clause, evaluation of the section 1404(a) factors weighs in favor of denying

27    Defendant's Motion. (*Id*. at 3.)

28    *////*

1    As discussed further below, the Court finds that the forum-selection clause is

2  valid and enforceable under federal law.  Accordingly, the Court will grant

3  Defendant's Motion and transfer this matter to the United States District Court for the

4  Northern District of Ohio.

5      **I.    The Forum-Selection Clause is Valid**

6    Federal law governs the enforcement of forum-selection clauses in diversity

7  cases.  *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988).

8  Forum-selection clauses are assumed to be valid and should be honored and

9  enforced by the courts "absent some compelling and countervailing reason."  *M/S*

10  *Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 12 (1972).  The enforcement of a forum-

11  selection clause is unreasonable if: (1) including the clause in the agreement was a

12  result of fraud of overreach; (2) the party wishing to abandon the clause would be

13  effectively denied its day in court; and (3) enforcement would violate strong public

14  policy of the forum the suit is brought.  *Richards v. Lloyd's of London*, 135 F.3d 1289,

15  1294 (9th Cir. 1998).

16    *First*, Plaintiff contends that the forum-selection clause is invalid because

17  Defendant is attempting to "leverage [a] one-sided, force-fed" agreement which was

18  the "result of a take-it-or-leave-it offer" by Defendant.  (Opp'n Mot. Transfer Venue at

19  2, 14.)  However, courts routinely find that mere disparate bargaining power between

20  the parties and the inability to negotiate the forum-selection clause are insufficient to

21  invalidate the clause.  *See, e.g., Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1141

22  (9th Cir. 2004) (despite evidence that an employee was unable to freely negotiate a

23  forum-selection clause, the employee's "assertions reduce to a claim of power

24  differential and non-negotiability," which was "not enough to overcome the strong

25  presumption in favor of enforcing forum[-]selection clauses"); *Carnival Cruise Lines,*

26  *Inc. v. Shute*, 499 U.S. 585, 595 (1991) (passenger who entered into contract with

27  defendant cruise company bound by forum selection clause even though paid for

28  cruise before receiving ticket containing the clause).  Plaintiff has failed to

1   demonstrate any other fraud or overreach on Defendant's part.  Rather, Plaintiff and

2   Defendant are corporate entities who entered into a business relationship of their own

3   volition.  (*See* Compl. ¶¶ 1–9.)  If Plaintiff objected to the forum-selection clause, they

4   should have done so while negotiating the Dealer Agreement.  They did not.  Thus,

5   the Court does not find that the forum selection clause is invalid on the basis of fraud

6   or overreach.

7       *Second*, Plaintiff argues that accessing witnesses, documents, and other pieces

8   of evidence will be "eased if this case remains in this forum."  (Opp'n Mot. Transfer

9   Venue at 11.)  However, this does not establish that litigating the claims in the

10   Northern District of Ohio would be difficult.  To prove that a party would be denied its

11   day in court, it must typically show that all relevant witnesses are not located in the

12   contracted forum, they are physically unable to go to the agreed-upon forum, or they

13   lack the financial ability to continue in the forum.  *White Knight Yacht LLC v. Certain*

14   *Lloyds at Lloyd's London,* 407 F. Supp. 3d 931, 948 (S.D. Cal. 2019).  Plaintiffs have not

15   offered any evidence to suggest that this standard has been met. Thus, Plaintiff has

16   not demonstrated that it would be deprived of its day in court by abiding by the

17   forum-selection clause.

18       *Third*, Plaintiff argues that the forum-selection clause is void and unenforceable

19   pursuant to CEDA.  (Opp'n Mot. Transfer Venue at 2–3.)  Typically, a "contractual

20   choice-of-forum clause should be held unenforceable if enforcement would

21   contravene a strong public policy of the forum in which suit is brought, whether

22   declared by statute or by judicial decision."  *M/S Bremen*, 407 U.S. 1, 15.  CEDA states,

23   in relevant part, that "[a] provision in any contract or agreement with respect to a

24   supplier that requires jurisdiction or venue or forum outside of this state or requires

25   the application of the laws of another state is void with respect to a claim otherwise

26   enforceable under this act."  Cal. Bus. & Prof. Code § 22927.  Additionally, section

27   22900 of CEDA states:

28   ////

5

1

2

3

4

5

6

> The Legislature finds and declares that the retail distribution, sales, and rental of agricultural, construction, utility, industrial, mining, outdoor power, forestry, and lawn and garden equipment, utilizing independent dealers operating under contract with the supplier vitally affects the general economy of the state, the public interest, and the public welfare.  Therefore, the Legislature has determined that it is necessary to regulate the business relations between the dealers and suppliers as described in this chapter.

7   Cal. Bus. & Prof. Code § 22900.  Plaintiff asserts that this section "establishes the CEDA

8   as an expression of the State's strong public policy . . . ."  (Opp'n Mot. Transfer Venue

9   at 7.)

10         The Court disagrees that CEDA constitutes a strong expression of California's

11   public policy, as courts have previously rejected this same argument for similar

12   statutes.  For example, in *Audeamus Inc. v. Baxter Construction Company, Inc.,* the

13   court considered whether California Code of Civil Procedure section 410.42, which

14   provides that clauses in construction contracts that require disputes to be litigated

15   outside of California are void and unenforceable, expressed a strong public policy

16   sufficient to prevent the case from being transferred to the Southern District of Iowa

17   under a forum-selection clause.  No. 20-cv-01333-JLT-SKO, 2022 WL 605407, at *4–5

18   (E.D. Cal. Mar. 1, 2022).  The court found that it did not, reasoning that, while section

19   410.42 might be binding on California state courts, "[u]nder both Supreme Court and

20   Ninth Circuit precedent, the [c]ourt is not precluded by [s]ection 410.42 from

21   enforcing the forum selection clause."  *Id.*  The court also ruled that the plaintiff failed

22   to identify other public policy concerns that would mandate the action remain in

23   California.  *Id.* at *5.  Thus, the court transferred the matter to Iowa.  *Id.*  As in

24   *Audeamus,* the Court finds that, under federal law, CEDA does not preclude

25   enforcement of the forum-selection clause in the Dealer Agreement here.

26         *Gemini Technologies, Inc. v. Smith & Wesson Corp. ("Gemini")*, 931 F.3d 911

27   (9th Cir. 2019), cited by Plaintiffs, does not compel a different result.  There, the

28   plaintiff argued enforcement of a forum-selection clause was contrary to Idaho's

1   public policy under Idaho Code section 29-110(1), which provides: "Every stipulation

2   or condition in a contract, by which any party thereto is restricted from enforcing his

3   rights under the contract in Idaho tribunals . . . is void as it is against the public policy

4   of Idaho." *Id*. at 916.  The court ruled that forum-selection clause was void because

5   the plain language of the statute expressly declared a strong public policy of Idaho.

6   *Id*.  Here, on the other hand, CEDA does not contain such express language declaring

7   a strong public policy of California.  While Business and Professions Code section

8   22900 suggests that the type of contract at issue in this case generally speaking

9   "vitally affects the general economy of the state, the public interest, and the public

10  welfare," there is no indication in the statute or caselaw that the specific prohibition on

11  out-of-state forum selection clauses in section 22927 itself implicates fundamental

12  public policy.  This weighs against invalidating the forum-selection clause.[1]

13          Finally, Plaintiff argues the Court should decline to enforce the forum-selection

14  clause under the precedent set forth in *DePuy Synthes Sales, Inc. v. Howmedica*

15  *Osteonics Corp.*, 28 F.4th 956 (9th Cir. 2022).  (Mot. Transfer Venue at 5–7.)  The Court

16  disagrees.  In *DePuy*, an employee hired by a California company signed a contract

17  that included a forum-selection clause requiring adjudication of contract disputes in a

18  different state.  *DePuy*, 28 F.4th at 958.  Later, the employee left the company and

19  threatened legal action.  *Id*.  He stated that he would exercise his right to void the

20  forum-selection clause under California Labor Code section 925, which allows certain

21  contracts with California employees to be "voidable by the employee" under specific

22  conditions.  *Id*.  The Ninth Circuit concluded that section 925 determined "the

23  threshold question of whether [the employee's] contract contains a valid forum-

24  selection clause."  *Id*. at 964.  As opposed to state laws "purporting to set a categorical

25

26  [1] Furthermore, the *Gemini* court observed that the implications of its decision were limited as only four other states had statutes similar to Idaho's.  931 F.3d at 916.  Thus, the court concluded that its holding did not risk making the invalidation of forum-clauses routine rather than extraordinary, noting that

27  under its narrow holding, "successful public policy challenges to forum-selection clauses similar to Idaho's are bound to be far from routine."  *Id*.

28

7

rule," which are preempted by 28 U.S.C. § 1404(a), the Ninth Circuit concluded that

section 925 addressed "the upstream question of whether the contract sought to be

enforced includes a viable forum-selection clause." *Id*.  Since there was effectively no

forum-selection clause in the contract, the court affirmed the district court's

application of the traditional section 1404 factors without reference to the clause.

While the Ninth Circuit in *DePuy* concluded that state law could be used to

excise a forum-selection clause from a contract, and that federal courts were bound by

such a law, no such provision applies here.  This case is distinguishable from *DePuy's*

narrow holding as, unlike *DePuy*, this case does not involve a voidable provision in a

contract such that a *party* is permitted to decide whether the forum selection clause is

in fact part of the contract.  Rather, Business and Professions Code section 22927 is

the type of categorial rule that is presumptively preempted by section 1404(a).

Thus, the forum-selection clause in the Dealer Agreement is valid.

## II.     The Forum-Selection Clause Requires Transfer to the United States District Court for the Northern District of Ohio

As discussed above, in a section 1404(a) analysis, the Court first determines

whether the case could have been brought in the transferee forum and then considers

the convenience of the parties and witnesses and the interest of justice.  28 U.S.C.

§ 1404(a).  Courts looks to several factors to determine where the interests of justice

and convenience lie, including "(1) plaintiff's choice of forum, (2) convenience of the

parties, (3) convenience of the witnesses, (4) ease of access to the evidence,

(5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of

other claims, (7) any local interest in the controversy, and (8) the relative court

congestion and time of trial in each forum."  *Barnes & Noble, Inc. v. LSI Corp.*, 823 F.

Supp. 2d 980, 993 (N.D. Cal. 2011).

However, where an agreement includes a valid forum-selection clause, the

court must disregard plaintiff's choice of forum and the parties' private interests.  *Atl.*

*Marine*, 571 U.S. at 63–64.  It will instead "consider[s] arguments about public-interest

8

factors only," and "those factors will rarely defeat a transfer motion." *Id*. at 64. Further, "the party acting in violation of the forum-selection clause . . . must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id*. at 66. Public-interest factors include: (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community unrelated to the litigation; (3) the local interest in resolving the controversy at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; and (5) the avoidance of unnecessary conflicts of law problems. *Gemini Cap. Grp., Inc. v. Yap Fishing Corp*., 150 F.3d 1088, 1094 (9th Cir. 1998).

The Court finds that the public interest factors weigh in favor of transfer. First, this Court is highly congested, having one of the heaviest caseloads in the nation. Second, Plaintiff has brought claims under both Ohio and California law. Thus, any jury members in Ohio will not be unduly burdened with litigation unrelated to their community. Third, although Plaintiff is at home in California, it not only agreed to conduct business with Defendant, whose principal place of business is in Ohio, but it also agreed to a Dealer Agreement that is governed by Ohio law. Therefore, California and Ohio have at least an equal interest in resolving these claims. Additionally, the Court has already decided that CEDA does not implicate any strong interest on the part of California. Thus, any local interest in resolving this matter does not rise to a level that would make the agreed-upon forum-selection clause void. Fourth, any district judge in Ohio is more than capable of applying California law. Finally, the Court does not find any unnecessary conflicts of law implicated here.

Accordingly, the forum-selection clause is enforceable.

**CONCLUSION**

Based on the foregoing, the Court hereby GRANTS Defendant's Motion to Transfer Venue (ECF No. 6) as follows:

1. The Court orders this action to be transferred to the United States District Court for the Northern District of Ohio;

9

1    2.  The Court further orders the Clerk of the Court for the Eastern District of

2        California to forward all filings in this action to the United States District

3        Court for the Northern District of Ohio; and

4    3.  The Clerk of the Court for the Eastern District of California shall close this

5        case upon completion of the transfer.

6

7    IT IS SO ORDERED.

8    Dated:    **March 25, 2025**            *Daniel J. Calabretta*
                                              Hon. Daniel J. Calabretta
9                                             UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10