IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

Belkorp AG, LLC,                                    Case No. 5:25-cv-00603-PAB

        Plaintiff,

    -vs-

                                        JUDGE PAMELA A. BARKER

Venture Products, Inc.,

        Defendant.                                 MEMORANDUM OPINION & ORDER

Currently pending before the Court is Belkorp AG, LLC's ("Belkorp") Motion to Retransfer. (Doc. No. 42.)  On April 23, 2025, Venture Products, Inc. ("VPI") filed its Opposition, to which Belkorp replied on May 7, 2025.  (Doc. Nos. 43, 45.)  For the following reasons, Belkorp's Motion to Retransfer is DENIED.

## I.    Background

Belkorp initiated this action by filing its Complaint against VPI on May 16, 2023 in the United States District Court for the Eastern District of California.  (Doc. No. 1.)  Therein, Belkorp brings three claims for relief under the California Fair Practices of Equipment Manufacturers, Distributors, Wholesalers and Dealers Act, Cal. Bus. & Prof. Code §§ 22900, et seq. for "Wrongful Termination" (Count One), "Material Change in Competitive Circumstances" (Count Two), and "Injunctive Relief" (Count Three); three claims for relief under the Ohio Farm Machinery or Construction Equipment Dealers and Suppliers Law, Ohio Rev. Code Ann. §§ 1353.01, for "Wrongful Termination" (Count Four), "Substantial Alteration in Competitive Circumstances" (Count Five), and "Injunctive Relief" (Count Six); and "Breach of Contract" (Count Seven).  (Id.)

On July 7, 2023, VPI filed a Motion to Transfer.  (Doc. No. 6.)  Therein, VPI argued that the

Court should transfer the case to this Court based on the forum selection clause contained in the parties' contract.  That clause provides:

> This Agreement shall be governed in all respects by the laws of the State of Ohio. Any action filed by either party as a result of a dispute resulting from this Agreement shall only be filed in the Common Pleas Court of Wayne County, Ohio, or in the United States District Court for the Northern District of Ohio, it being expressly agreed by Dealer and VPI that said forums shall have exclusive and sole jurisdiction and venue to hear disputes between the parties arising out of this Agreement.

(Doc. No. 6-3, PageID #61.)  On July 28, 2023, Belkorp filed its Opposition to the Motion to Transfer, to which VPI replied on August 7, 2023.  (Doc. Nos. 16, 20.)

On March 26, 2025, the Eastern District of California (the "Transferor Court") granted VPI's Motion to Transfer.  (Doc. No. 27.)  That Order reads, in relevant part, as follows:

> Federal law governs the enforcement of forum-selection clauses in diversity cases. *Manetti-Farrow, Inc. v. Gucci Am., Inc*., 858 F.2d 509, 513 (9th Cir. 1988). Forum-selection clauses are assumed to be valid and should be honored and enforced by the courts "absent some compelling and countervailing reason." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972). The enforcement of a forum-selection clause is unreasonable if: (1) including the clause in the agreement was a result of fraud of (sic) overreach; (2) the party wishing to abandon the clause would be effectively denied its day in court; and (3) enforcement would violate strong public policy of the forum (sic) the suit is brought. *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998).
>
> \* \* \*
>
> Third, Plaintiff argues that the forum-selection clause is void and unenforceable pursuant to CEDA. (Opp'n Mot. Transfer Venue at 2–3.) Typically, a "contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *M/S Bremen*, 407 U.S. 1, 15. CEDA states, in relevant part, that "[a] provision in any contract or agreement with respect to a supplier that requires jurisdiction or venue or forum outside of this state or requires the application of the laws of another state is void with respect to a claim otherwise enforceable under this act." Cal. Bus. & Prof. Code § 22927. Additionally, section 22900 of CEDA states: The Legislature finds and declares that the retail distribution, sales, and rental of agricultural, construction, utility, industrial, mining, outdoor power, forestry, and lawn and garden equipment,

2

utilizing independent dealers operating under contract with the supplier vitally affects the general economy of the state, the public interest, and the public welfare. Therefore, the Legislature has determined that it is necessary to regulate the business relations between the dealers and suppliers as described in this chapter. Cal. Bus. & Prof. Code § 22900. Plaintiff asserts that this section "establishes the CEDA as an expression of the State's strong public policy . . . ." (Opp'n Mot. Transfer Venue at 7.)

The Court disagrees that CEDA constitutes a strong expression of California's public policy, as courts have previously rejected this same argument for similar statutes. For example, in *Audeamus Inc. v. Baxter Construction Company, Inc*., the court considered whether California Code of Civil Procedure section 410.42, which provides that clauses in construction contracts that require disputes to be litigated outside of California are void and unenforceable, expressed a strong public policy sufficient to prevent the case from being transferred to the Southern District of Iowa under a forum-selection clause. No. 20-cv-01333-JLT-SKO, 2022 WL 605407, at *4–5 (E.D. Cal. Mar. 1, 2022). The court found that it did not, reasoning that, while section 410.42 might be binding on California state courts, "[u]nder both Supreme Court and Ninth Circuit precedent, the [c]ourt is not precluded by [s]ection 410.42 from enforcing the forum selection clause." *Id*. The court also ruled that the plaintiff failed to identify other public policy concerns that would mandate the action remain in California. *Id*. at *5. Thus, the court transferred the matter to Iowa. *Id*. As in *Audeamus*, the Court finds that, under federal law, CEDA does not preclude enforcement of the forum-selection clause in the Dealer Agreement here.

*Gemini Technologies, Inc. v. Smith & Wesson Corp*. (*"Gemini"*), 931 F.3d 911 (9th Cir. 2019), cited by Plaintiffs, does not compel a different result. There, the plaintiff argued enforcement of a forum-selection clause was contrary to Idaho's public policy under Idaho Code section 29-110(1), which provides: "Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract in Idaho tribunals . . . is void as it is against the public policy of Idaho." *Id*. at 916. The court ruled that forum-selection clause was void because the plain language of the statute expressly declared a strong public policy of Idaho. *Id*. Here, on the other hand, CEDA does not contain such express language declaring a strong public policy of California. While Business and Professions Code section 22900 suggests that the type of contract at issue in this case generally speaking "vitally affects the general economy of the state, the public interest, and the public welfare," there is no indication in the statute or caselaw that the specific prohibition on out-of-state forum selection clauses in section 22927 itself implicates fundamental public policy. This weighs against invalidating the forum-selection clause.[1]

---

[1] "Furthermore, the *Gemini* court observed that the implications of its decision were limited as only four other states had statutes similar to Idaho's. 931 F.3d at 916. Thus, the court concluded that its holding did not risk making the invalidation

Finally, Plaintiff argues the Court should decline to enforce the forum-selection clause under the precedent set forth in *DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956 (9th Cir. 2022). (Mot. Transfer Venue at 5–7.) The Court disagrees. In *DePuy*, an employee hired by a California company signed a contract that included a forum-selection clause requiring adjudication of contract disputes in a different state. *DePuy*, 28 F.4th at 958. Later, the employee left the company and threatened legal action. *Id*. He stated that he would exercise his right to void the forum-selection clause under California Labor Code section 925, which allows certain contracts with California employees to be "voidable by the employee" under specific conditions. *Id*. The Ninth Circuit concluded that section 925 determined "the threshold question of whether [the employee's] contract contains a valid forum-selection clause." *Id*. at 964. As opposed to state laws "purporting to set a categorical rule," which are preempted by 28 U.S.C. § 1404(a), the Ninth Circuit concluded that section 925 addressed "the upstream question of whether the contract sought to be enforced includes a viable forum-selection clause." *Id*. Since there was effectively no forum-selection clause in the contract, the court affirmed the district court's application of the traditional section 1404 factors without reference to the clause.

While the Ninth Circuit in *DePuy* concluded that state law could be used to excise a forum-selection clause from a contract, and that federal courts were bound by such a law, no such provision applies here. This case is distinguishable from *DePuy's* narrow holding as, unlike *DePuy*, this case does not involve a voidable provision in a contract such that a party is permitted to decide whether the forum selection clause is in fact part of the contract. Rather, Business and Professions Code section 22927 is the type of categorial rule that is presumptively preempted by section 1404(a). Thus, the forum-selection clause in the Dealer Agreement is valid.

(Doc. No. 27, PageID #140–44.)

That same day, the clerk for the Eastern District of California transferred this case to this Court. (Doc. No. 28.) On April 17, 2025, Belkorp filed its Motion to Retransfer requesting that this Court transfer this case back to the Transferor Court. (Doc. No. 42.) On April 23, 2025, VPI filed its Opposition, to which Belkorp replied on May 7, 2025. (Doc. Nos. 43, 45.) Accordingly, Belkorp's Motion to Retransfer is ripe for review.

of forum-clauses routine rather than extraordinary, noting that under its narrow holding, 'successful public policy challenges to forum-selection clauses similar to Idaho's are bound to be far from routine.' *Id*."

## II.      Standard of Review

The Sixth Circuit's analysis in *Moses v. Business Card Express, Inc.*, 929 F.2d 1131 (6th Cir. 1991) governs Belkorp's Motion to Retransfer.  Under *Moses*, a transferor court's decision to transfer the case is "guided by the doctrine of the law of the case."  *Id.* at 1137.  Under this doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *Id.* (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). Indeed, "[b]ecause of the possibility of forcing a transferred case into perpetual litigation by playing 'jurisdictional ping-pong,' the law of the case doctrine applies 'with even greater force to transfer decisions than to decisions of substantive law.'"  *Id.* (quoting *Christianson v. Colt*, 486 U.S. 800, 816 (1998)).  "The law of the case will be disregarded only when the court has 'a clear conviction of error' with respect to a point of law on which its previous decision was predicated.'"  *Id.* (quoting *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981)).

Accordingly, "[a] party seeking retransfer must establish under the law-of-the-case doctrine that the transfer order was clearly erroneous and would work a 'manifest injustice.'"  *Payne v. Courier-Journal*, 193 F. App'x 397, 400 (6th Cir. 2006) (quoting *Moses*, 929 F.2d at 1137).  "Under law-of-the-case principles, this Court need find only that the decision of the California court is plausible."  *Greene v. Ab Coaster Holdings, Inc.*, No. C2:10-cv-38, 2010 U.S. Dist. LEXIS 91671, at *11 (S.D. Ohio Aug. 5, 2010) (quoting *Christianson*, 486 U.S. at 819); *see also Burghardt v. Ryan*, No. 5:29-cv-325, 2020 U.S. Dist. LEXIS 134201, at *6 (N.D. Ohio July 29, 2020) ("If there are two plausible views of a matter, then a decision cannot be 'clearly erroneous'").

## III.     Analysis

### A.     The Transferor Court did not commit clear error by finding that the forum-selection clause is valid and enforceable.

Belkorp sets forth three arguments in support of its assertion that the Transferor Court's decision to transfer the case to this Court was clear error: (1) that the forum selection clause is void as a matter of California law and that Cal. Bus. & Prof. Code § 22927 is not preempted by federal law; (2) that Cal. Bus. & Prof. Code § 22900 expresses a strong public policy of the state of California; and (3) that the decision would result in a manifest injustice.  The Court addresses each argument in turn, below.

### 1.     The Transferor Court did not clearly err by finding that the forum selection clause is not void as a matter of California law

In its Motion to Retransfer, Belkorp argues that the forum selection clause is void.  Belkorp asserts that "[w]hile federal law may instruct a court on the enforceability of a valid forum selection clause, the law requires that validity of a forum selection clause be decided by implementing state law contract principles."  (Doc. No. 42, PageID #42.)  It contends that "the Transferor Court's analysis and reliance on *Audeamus* was a clear error of law, as was its attempt to distinguish the *DePuy* case" because "*Audeamus* was decided before the Ninth Circuit issued its ruling in *DePuy*" making *Audeamus* "inapplicable and contrary to current Ninth Circuit law."  (*Id.* at PageID #43.) Belkorp contends that "Supreme Court precedent provides that § 1404(a) preempts contrary forum-state policy that per se voids all forum-selection and/or choice-of-law provisions."  (*Id.*)  According to Belkorp, "just as the 9th Circuit warned in *DePuy*, the Transferor Court 'overreads the *Stewart* majority decision as preempting all state laws relating to forum-selection clauses', which 'is not what the Supreme Court did.'"  (*Id.*)  Thus, according to Belkorp, "[t]he Transferor Court's decision renders § 22927 meaningless, a result not allowed by principals of statutory interpretation or otherwise

6

supported by applicable law." (*Id.* at PageID#44.)  Finally, Belkorp submits that "[t]he Transferor Court's attempt to factually distinguish *DePuy* is also clear error." (*Id.*)

In its Opposition, VPI argues that "the Transferor Court properly distinguished *DePuy* based on the differences in the language of the statutes and determined CEDA was the type of categorical rule voiding forum-selection clauses that was 'presumptively preempted by Section 1404(a)'" and that the Transferor Court "reasonably determined" that *Audeamus*, "which held that a federal court is not precluded by state statutes (such as Section 410.42 of the California Code of Civil Procedure, a statute similar to CEDA), from enforcing otherwise valid forum-selection clauses[,] was more applicable here[]" than *DePuy*. (Doc. No. 43, PageID #56–57.)

In its Reply, Belkorp asserts that "without explanation, both the Transferor Court and VPI sidestep [the] threshold question" of whether the forum selection is valid under state law. (Doc. No. 45, PageID #70.)  It argues that "[i]n focusing on enforceability instead of validity, VPI and the Transferor Court miss the point entirely" because "[t]he Transferor Court cannot enforce an invalid forum selection clause." (*Id.*)  Citing to Cal. Bus. & Prof. Code § 22927, Belkorp argues that "the answer to the threshold question – whether the forum selection clause is valid under applicable state law – is clearly no." (*Id.*)

Under Ninth Circuit precedent, "state law governs the validity of a forum-selection clause just like any other contract clause," but "[t]he enforceability of a forum-selection clause in a federal court is a well-established matter of federal law." *Lee v. Fisher*, 70 F.4th 1129, 1143 (9th Cir. 2023) (quoting *DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956, 963–64 (9th Cir. 2022)); *see also Wong v. Media, L.P.*, No. 24-cv-00779-LB, 2025 U.S. Dist. LEXIS 150792, at *6 (N.D. Cal. Jan. 22, 2025) ("Federal law governs the interpretation and enforcement of forum-selection

clauses in diversity cases" and "[s]tate law governs contract formation"); *accord Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 309 (6th Cir. 2024) (holding applicability of a forum selection clause is a question of state law); *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) ("We therefore hold that in this diversity suit, the enforceability of the forum selection clause is governed by federal law").

Applying this standard, the Ninth Circuit in *DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956 (9th Cir. 2022) held that certain forum-selection clauses were void as a matter of California law, specifically Cal. Lab. Code § 925(a) and (b), which reads in relevant part as follows:

> (a) An employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following:
>
>> (1) Require the employee to adjudicate outside of California a claim arising in California.
>
>> (2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California.
>
> (b) *Any provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute.*

Cal. Lab. Code § 925(a) and (b) (emphasis added).  The Ninth Circuit found that the plaintiff "voided the forum-selection clause in his employment contract under § 925(b)," which "excised the forum-selection clause from the agreement as presented to the district court." *DuPuy*, 28 F.4th at 964.  The Ninth Circuit then reasoned that federal law does not preempt "a state law like § 925 from addressing the upstream question of whether the contract sought to be enforced includes a viable forum-selection clause." *Id.* at 964–65 (stating that federal law does "not broadly preempt all state laws controlling

how parties may agree to or void a forum-selection clause").

Applying this framework, the Transferor Court concluded:

> While the Ninth Circuit in *DePuy* concluded that state law could be used to excise a forum-selection clause from a contract, and that federal courts were bound by such a law, no such provision applies here. This case is distinguishable from *DePuy's* narrow holding as, unlike *DePuy*, this case does not involve a voidable provision in a contract such that a party is permitted to decide whether the forum selection clause is in fact part of the contract. Rather, Business and Professions Code section 22927 is the type of categorial rule that is presumptively preempted by section 1404(a).

(Doc. No. 27, PageID #144.)

The Court finds that this analysis is plausible and is not clearly erroneous.  Upon review of Cal. Bus. & Prof. Code § 22927, the Court finds that Belkorp is incorrect when it asserts that "the Transferor Court made a clear error of law in ruling that the forum-selection clause in the Dealer Agreement was valid and not impacted by § 22927 of the CEDA, which expressly voids the forum selection clause at issue."  (Doc. No. 42, PageID #45.)

The Court notes that there is a dearth of case law interpreting Cal. Bus. & Prof. Code § 22927. That statute provides, in relevant part,

> A provision in any contract or agreement with respect to a supplier that requires jurisdiction or venue or forum outside of this state or requires the application of the laws of another state is void with respect to a claim otherwise enforceable under this act.

*Id.*  Unlike Cal. Lab. Code § 925 at issue in *DePuy*, Cal. Bus. & Prof. Code § 22927 does not provide that forum selection clauses in a "contract or agreement with respect to a supplier" are void as a matter of California law.  Instead, it reads that forum selection clauses are "void *with respect to a claim* otherwise enforceable under this act."  *See id.* (emphasis added); *see also* Cal. Bus. & Prof. Code § 22925 ("Any dealer may bring an action against a supplier in any court of competent jurisdiction for

9

damages sustained by the dealer as a consequence of the supplier's violation of any provisions of this chapter, together with costs and reasonable attorney's fees").  Thus, suppliers and dealers (as defined by the CEDA) could agree to a forum selection clause that would otherwise be enforceable to non-CEDA claims.  *See id.* ("The remedies set forth in this action [sic] shall not be deemed exclusive and shall be in addition to any other remedies permitted by law").  Therefore, Cal. Bus. & Prof. Code § 22927 would not void a forum selection clause for claims not arising under the CEDA.

The Court finds further support for this interpretation in Cal. Bus. & Prof. Code § 20040.5. That statute provides, in relevant part that "[a] provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state."  *Id.*  In addition to voiding the forum selection clause "with respect to any claim arising under" a franchise agreement (like Cal. Bus. & Prof. Code § 22927 does with claims arising under the CEDA), the California legislature included broad language voiding forum selection clauses "relating to a franchise agreement involving a franchise business operating within this state."  Therefore, under Cal. Bus. & Prof. Code § 20040.5, nearly any claim against a California franchise would void a forum selection clause requiring that franchise to litigate outside of the California. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000) (finding that the legislature "intended to void [] clause[s] with respect to any claim arising under or relating to the agreement involving [a] franchise located in . . . California.").

By contrast, Cal. Bus. & Prof. Code § 22927 is narrower in scope.  By omitting similar broad language (e.g. "relating to a franchise agreement involving a franchise business operating within this state") from Cal. Bus. & Prof. Code § 22927, the California legislature seemed to have only intended for the forum-selection-clause bar to apply specifically to claims arising under the CEDA and not to

10

claims generally between dealers and suppliers (as those terms are defined under the CEDA). *Cf. Delamater v. Anytime Fitness, Inc.*, 722 F. Supp. 2d 1168, 1178 (E.D. Cal. 2010) (observing that the "plain language of" Cal. Bus. & Prof. Code § 20040.5 "only applies if there is a claim at issue").

Belkorp seems to recognize this in its Motion to Retransfer.  It asserts that "§ 22927 is not a categorical rule that per se voids all forum selection clauses."  (Doc. No. 42, PageID #44.)  But Belkorp's analysis of Cal. Bus. & Prof. Code § 22927 appears to go too far.   It argues that "§ 22927 is limited to certain types of contracts and claims arising under the CEDA."  (*Id.*)  But the limitation contained in Cal. Bus. & Prof. Code § 22927, as explained above, does not apply broadly to all parties and/or agreements that fall within the scope of the CEDA.  Instead, Cal. Bus. & Prof. Code § 22927 only applies to "*a claim* otherwise enforceable under this act."  And in this case, Belkorp brings three claims under Ohio law and a breach of contract claim,[2] which are not claims "otherwise enforceable under" the CEDA.  Therefore, Section 22927 does not void the forum selection clause as a matter of California state law as Belkorp argues.

Accordingly, the Court agrees with the Transferor Court that Cal. Bus. & Prof. Code § 22927 is distinguishable from Cal. Lab. Code § 925 making *DePuy* inapplicable here.  The Court further agrees with the Transferor Court's conclusion that "[w]hile the Ninth Circuit in *DePuy* concluded that state law could be used to excise a forum-selection clause from a contract, and that federal courts were bound by such a law, no such provision applies here."  (Doc. No. 27, PageID #144.)[3]  The Court is also mindful that the Transferor Court is the only other Court to interpret whether Cal. Bus. & Prof.

---

[2] The Court gives no opinion as to whether Ohio or California law governs the Belkorp's substantive claims at this stage of the case.

[3] Because California state law does not void the forum selection clause here, the Court need not analyze whether the Transferor Court's conclusion that "Business and Professions Code section 22927 is the type of categorial rule that is presumptively preempted by section 1404(a)" was clearly erroneous.

Code § 22927 prevents enforcement of a forum selection clause in federal court.  Given the Court's standard of review, and the lack of contrary authority, the Court finds, for all these reasons, the Transferor Court's analysis of *DePuy* and interpretation of Cal. Bus. & Prof. Code § 22927 was plausible and not clearly erroneous.  Accordingly, the Court finds that the forum selection clause is not void as a matter of California state law.

### 2. The Transferor Court did not clearly err when it found that the CEDA does not state a clear, strong public policy of the State of California.

In its Motion to Retransfer, Belkorp argues that "[a]lthough § 22900 does not use the specific words 'public policy of California,' it establishes the CEDA as an expression of the State's strong public policy of protecting dealers like Belkorp from abusive practices of suppliers like VPI."  (Doc. No. 42, PageID #45.)  It asserts that "[t]he Legislature placed such an urgent importance on the protections that it made the CEDA effective immediately upon passing."  (*Id.*.)  Belkorp concludes that "the Transferor Court's ruling that the CEDA does not state a strong public policy of California is contrary to the language of the CEDA and the legislative history associated with its adoption and implementation."  (*Id.* at PageID #45–46.)

In its Opposition, VPI asserts that "the Transferor Court disagreed with Plaintiff's interpretation of the statutory language in CEDA and followed its holding in *Audeamus*, which rejected a similar argument."  (Doc. No. 43, PageID #57.)  VPI contends that "[i]t also distinguished the statute in *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911 (9th Cir. 2019), which found strong Idaho public policy against forum-selection clauses on narrow grounds."  (*Id.* at PageID #57–58.)  VPI argues that by "distinguishing the CEDA language from the narrow holding in *Gemini*, the Transferor Court's interpretation of Section 22900 as failing to evidence a strong public policy in California is plausible and, therefore, not clearly erroneous."  (*Id.* at PageID #58.)

12

In its Reply, Belkorp argues that "the Transferor Court's reliance on *Audeamus* was not plausible" because "the scope of the discussion in *Audeamus* cited by the Transferor Court was limited to the enforceability of the clause at issue in that case, not whether California Code of Civil Procedure § 410.42 expressed a strong public policy of California."  (Doc. No. 45, PageID #71.)   It then argues that "[t]he Transferor Court's attempt to distinguish *Gemini* was also not plausible" because "the Court ignores the clear expression of policy expressed in § 22900 which must be read together with § 22927."  (*Id.* at PageID #71–72.)   Belkorp concludes that "[t]here is no plausible reading of §§ 22900 and 22927 together that supports a finding that the CEDA and its prohibition of the forum selection clause at issue does not state a strong public policy of California."  (*Id.* at PageID #72.)

Federal courts will generally enforce forum selection clauses, unless "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."  *Sun Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972)); *accord Lakeside Surfaces, Inc. v. Cambria Co.*, 16 F.4th 209, 219 (6th Cir. 2021) ("we hold that *Bremen*'s public-policy exception is part of the applicable analysis").   Here, the Transferor Court concluded that enforcement would not contravene a strong public policy of California.   It found that the CEDA does not "constitute[] a strong expression of California's public policy, as courts have previously rejected this same argument for similar statutes."  (Doc. No. 27, PageID #142.)

In making this conclusion, the Transferor Court relied upon *Audeamus, Inc. v. Baxter Constr. Co.*, No. 1:20-cv-01333 JLT SKO, 2022 U.S. Dist. LEXIS 36289 (E.D. Cal. Feb. 28, 2022).   In *Audeamus*, the Eastern District of California concluded that Cal. Code Civ. Proc. § 410.42 did not

prevent enforcement of a forum selection clause when the plaintiff did "not identify any public policy concerns and there do not appear to be any." *Id.* at *13. At least one other court has concluded that this section does not express a strong public policy of the California. *Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc.*, No. 3:21-cv-00228-JMK, 2022 U.S. Dist. LEXIS 160646, at *16 (D. Alaska Sept. 6, 2022) ("Defendants have not carried their burden of demonstrating that § 410.42 applies here and represents a strong public policy of California").

Cal. Code Civ. Proc. § 410.42 provides that in contracts between contractors and subcontractors, "[a] provision which purports to require any dispute between the parties to be litigated, arbitrated, or otherwise determined outside this state" is "void and unenforceable." There is no language expressly stating the public policy of California in this statute. Like Cal. Code Civ. Proc. § 410.42, there is no express public policy language in the CEDA regarding forum selection clauses. Cal. Bus. & Prof. Code § 22900 provides:

> The Legislature finds and declares that the retail distribution, sales, and rental of agricultural, construction, utility, industrial, mining, outdoor power, forestry, and lawn and garden equipment, utilizing independent dealers operating under contract with the supplier vitally affects the general economy of the state, the public interest, and the public welfare. Therefore, the Legislature has determined that it is necessary to regulate the business relations between the dealers and suppliers as described in this chapter.

There is no mention of forum selection clauses in this statute. Further, Cal. Bus. & Prof. Code § 22927 does not expressly set forth any public policy regarding forum selection clauses. Accordingly, given the similarities of the statutory language, the Transferor Court appears to have reasonably relied upon *Audeamus* to find that Cal. Bus. & Prof. Code § 22927 does not express a strong public policy of California.

Ninth Circuit law, however, is not that clear. For example, in *Jones v. GNC Franchising, Inc.*,

14

211 F.3d 495 (9th Cir. 2000), the Ninth Circuit held that Cal. Bus. & Prof. Code § 20040.05 "expresses a strong public policy of the State of California to protect California franchisees from the expense, inconvenience, and possible prejudice of litigating in a non-California venue." *Id.* at 498. That statute provides, in relevant part, that "[a] provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state." The *Jones* court found that a clause "that requires a California franchisee to resolve claims related to the franchise agreement in a non-California court directly contravenes this strong public policy and is unenforceable under the directives of *Bremen*." *Id.*

Like Cal. Bus. & Prof. Code § 22927, there is no express language in Cal. Bus. & Prof. Code § 20040.05 that would suggest that California has expressed a strong public policy regarding forum selection clauses in franchise agreements. Indeed, that statute contains language close to Cal. Bus. & Prof. Code § 22927. *Compare* Cal. Bus. & Prof. Code § 20040.05 (forum selection clause "is void with respect to any claim arising under or relating to a franchise agreement") *with* Section 22927 (forum selection clause "is void with respect to a claim otherwise enforceable under this act"). Thus, under *Jones*, Section 22927 appears to be sufficient to establish a strong public policy.[4]

The Ninth Circuit's decision in *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911 (9th Cir. 2019) muddies the water further. In *Gemini*, the Ninth Circuit held that a forum selection clause was unenforceable because "enforcement would contravene a strong public policy of Idaho, as declared by Idaho Code § 29-110(1)." *Id.* at 916. That statute provides, in relevant part, "[e]very

---

[4] Sixth Circuit authority is in accord with *Jones*. In *Lakeside Surfaces*, for example, the Sixth Circuit concluded that Michigan's prohibition on forum-selection clauses in franchise agreements constituted a strong public policy. *Id.* at 221. The statute at issue, like Section 22927, does not provide for an express public policy against forum selection clauses. *See* MCLS § 445.1527(f).

stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract in Idaho tribunals . . . void as it is against the public policy of Idaho."  Idaho Code § 29-110(1).  The Ninth Circuit noted, however, that its holding did not make "the invalidation of forum-selection clauses 'routine rather than extraordinary.'"  *Gemini*, 931 F.3d at 916.  It reasoned that only four other states have similar statutes to Idaho and that "successful public policy challenges to forum-selection clauses based on statutes similar to Idaho's are bound to be far from routine."  *Id.*  *Gemini* suggests that the Ninth Circuit is less receptive to public policy challenges to forum selection clauses.  *See Dixon v. Perry*, No. CV 25-9112-JFW(SKx), 2025 U.S. Dist. LEXIS 257825, at *13 (C.D. Cal. Dec. 12, 2025) (citing *Gemini* for the proposition that "[t]he public-policy exception to enforcement of forum-selection clauses is narrow and will only rarely displace the presumption that such clauses are valid and enforceable"); *Welty v. Valve Corp.*, No. 1:25-cv-00696-KES-SAB, 2025 U.S. Dist. LEXIS 203591, at *14–15 (E.D. Cal. Oct. 15, 2025) ("[*Gemini*] is distinguishable because the relevant statute included express langue regarding public policy of the relevant state").

Where does that leave this Court?  Under *Moses*, this Court can only retransfer the case if the Transferor Court's decision was clearly erroneous.  The Court is mindful that the Transferor Court is the only other court to have analyzed whether Cal. Bus. & Prof. Code § 22927 expresses a strong public policy of California that would bar enforcement of forum selection clauses in contracts between dealers and supplier.  Under the cited authority above, the Transferor Court's and Belkorp's interpretation of Cal. Bus. & Prof. Code § 22927 are both reasonable.  Therefore, the Transferor Court's conclusion —that Section 22927 does not express a strong public policy—was plausible, and thus, not clearly erroneous.  Accordingly, this Court finds that the Transferor Court's conclusion that the Cal. Bus. & Prof. Code § 22927 does not express a strong public policy was not clearly erroneous.

16

### 3.      Does the Transferer Court's decision result in manifest injustice?

Belkorp argues that "[t]he errors committed by the Transferor Court are far from harmless and have resulted in manifest injustice in this case" because it "has been stripped of the right to litigate its CEDA claim in California, a right which is statutorily guaranteed."  (Doc. No. 42, PageID #46.) It asserts that "[t]he Transferor Court's ruling that the forum-selection clause in the Dealer Agreement is valid was based on clear errors of law."  (*Id.* at PageID #47.)  It further asserts that "[t]he Transferor Court compounded these errors by applying the modified analysis set forth in *Atlantic Marine*, by failing to give California public policy the consideration it deserves, and by shifting the burden on the motion to transfer to Belkorp, when it should have been VPI's burden to establish the propriety of transfer in the absence of a valid forum-selection clause in the Dealer Agreement."  (*Id.*)

In its Opposition, VPI argues that "the Transferor Court plausibly found the forum-selection clause to be valid and enforceable under federal law, which preempted the CEDA statute categorically prohibiting forum-selection clauses in dealer contracts."  (Doc. No. 43, PageID #58.)  It asserts that "in line with Supreme Court precedent, the Transferor Court properly required Plaintiff to show transfer was unwarranted and the Transferor Court's decision to do so was not clearly erroneous" and that "[w]ithout clear error, the resulting burden on Plaintiff was not manifestly unjust."  (*Id.* at PageID #59.)[5]

Courts have concluded that "manifest injustice requires that there exist a fundamental flaw in the court's decision that would lead to a result that is both inequitable and not in line with applicable policy."  *Boseman v. Mahoning Cnty. Child Support Enf't Agency*, No. 4:25-CV-627, 2025 U.S. Dist. LEXIS 160362, at *3 (N.D. Ohio Aug. 19, 2025) (quoting *Johnson v. Bobby*, No. 2:08-cv-55, 2022

---

[5] Belkorp did not specifically respond to these arguments in its Reply.

U.S. Dist. LEXIS 93571 (S.D. Ohio May 24, 2022)).  Belkorp's arguments for manifest injustice can be summed up into two points: (1) the Transferor Court's decision to enforce the forum selection clause was based on clear error; and (2) the Transferor Court misapplied *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49 (2013). As explained above, the Transferor Court did not clearly err when it enforced the forum selection clause.  Further, because the Transferor Court did not clearly err when it enforced the forum selection clause, it correctly followed *Atl. Marine*'s framework.[6]  The Court therefore finds that there is no manifest injustice in this case because there are no fundamental flaws in the Transferor Court's decision.

**B.    The Transferor Court did not commit clear error in expediting the transfer of this case**

Belkorp's next argument is that "by immediately transferring the case out of the Eastern District of California, the Transferor Court deprived Belkorp of any opportunity to seek redress in the Eastern District of California through a motion to reconsider or the Ninth Circuit Court of Appeals via interlocutory appeal."  (Doc. No. 42, PageID #48.)  Relying on *Herman v. Cataphora*, No. C-12-04965 JSW, 2013 U.S. Dist. LEXIS 9862 (N.D. Cal. Jan. 24, 2013), Belkorp asserts that "this is a grave miscarriage of justice and results in manifest injustice to Belkorp."  (*Id.* at PageID #49.) Belkorp argues in the alternative that "this case should, at a minimum, be transferred back to the Transferor Court to give Belkorp a fair opportunity to exhaust its appellate rights."  (*Id.*)

In its Opposition, VPI argues that the Transferor Court's order is not appealable and that

---

[6] Under *Atl. Marine*, when there is a valid forum selection clause, the district court must not give the plaintiff's choice of forum any weight and the court must deem the private-interest factors to weigh entirely in favor of the preselected forum. *Id.* at 63.   Also under *Atlantic Marine*, the party acting in violation of the forum selection clause has "the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.*  Because the Transferor Court did not clearly err by enforcing the forum selection clause, it also did not clearly err by "failing to give California public policy the consideration it deserves, and by shifting the burden on the motion to transfer to Belkorp."  (Doc. No. 42, PageID #47.)

Belkorp "does not allege or contend it meets the statutory prerequisite for appeal under 28 U.S.C. §1292, beyond simply requesting certification at the end of its memorandum." (Doc. No. 43, PageID #61.)  VPI then asserts that Belkorp would not be entitled to a motion for reconsideration because "Plaintiff cannot show that the California Court, which is well-suited to hear and decide issues of California law, clearly erred in its findings or that the Transfer Order caused Plaintiff manifest injustice" and because "Plaintiff does not introduce new facts or law which warrant reconsideration." (*Id.* at PageID #62.)  VPI further asserts that "*Herman's* non-precedential and narrow holding based on one district court's interpretation of 'extraordinary circumstances' does not align with the overwhelming federal authority denying appellate court jurisdiction to hear such appeals."  (*Id.* at PageID #63.)

In its Reply, Belkorp argues that "[w]hile the Transferor Court did not state in the Transfer Order that it 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation,' Belkorp had/has a right to seek such certification from the Transferor Court."  (Doc. No. 45, PageID #72.)  It then asserts that "VPI's own case law acknowledges that a motion for reconsideration is appropriate where there is a need to correct clear error or prevent manifest injustice" and that "Belkorp is alleging just that."  (*Id.* at PageID #73.)  Belkorp also argues that "*Herman* is actually directly on point with the facts of this case as both involve a situation where a transferor court did not have a local rule creating a waiting period for transfer orders" and "the fact that *Herman* did not discuss the ultimate appealability of the transfer order does not impact the ultimate ruling and finding that depriving a party the right to pursue appeal, whether it may be meritorious or not, would cause a 'grave miscarriage of justice.'" (*Id.* at PageID

#73–74.)

This Court finds that Belkorp does not have a right to appeal the Transferor Court's decision. "An order granting or denying a transfer under 28 U.S.C. § 1404(a) is interlocutory and not immediately appealable." *Hadix v. Johnson*, 228 F.3d 662, 669 (6th Cir. 2000) (citing *Bufalino v. Kennedy*, 273 F.2d 71, 71 (6th Cir. 1959); *Lemon v. Druffel*, 253 F.2d 680, 683 (6th Cir. 1958)); *accord Mont. Wildlife Fedn v. Haaland*, 127 F.4th 1, 32 (9th Cir. 2025) ("Orders granting or denying a motion to transfer venue under § 1404(a) are 'interlocutory in nature and are not appealable prior to final judgment'") (quoting *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 951 (9th Cir. 1968)). Thus, an appeal of a transfer order can only proceed on an interlocutory basis pursuant to 28 U.S.C. § 1292(b). 28 U.S.C. § 1292(b) provides as follows:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). In this case, the Transferor Court did not certify its order pursuant to 28 U.S.C. § 1292(b). Therefore, Belkorp has no right to appeal the transfer order.

Belkorp claims it has a right to seek to seek certification from the Transferor Court under Fed. R. App. P. 5(a)(3). The Court disagrees. That rule provides, in relevant part, "[i]f a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court ***may*** amend its order, either on its own or in

response to a party's motion, to include the required permission or statement."  (emphasis added).

By the Rule's plain text, Belkorp does not have the "right" to seek certification.  *See Hatmaker. PJ*

*Ohio, LLC*, No. 3:17-cv-146, 2019 U.S. Dist. LEXIS 219858, at *2 (S.D. Ohio Dec. 23, 2019)  ("Fed.

R. App. P. 5(a)(3) ***permits*** a party to request a district court to amend an order so it qualifies under

28 U.S.C. § 1292(b)") (emphasis added).  Belkorp has not pointed this Court to any authority, other

than Rule 5(a)(3), that holds a party has a right to seek certification under 28 U.S.C. § 1292(b).  Nor

has Belkorp pointed this Court to any authority holding that a transferor court commits clear error by

transferring a case prior to a party filing a Rule 5(a)(3) motion with the transferor court.

Finally, *Herman* does not help Belkorp despite its apparent factual similarity to this case.  In

that case, the plaintiffs filed suit in the Eastern District of Louisiana and the defendants moved to

dismiss for lack of personal jurisdiction and improper venue.  *Herman*, 2013 U.S. Dist. LEXIS 9862

at *2.  The Eastern District of Louisiana granted the defendants' motion.  *Id.*  While dismissing the

case, the court simultaneously ordered that the case be transferred to the Northern District of

California.  *Id.*  After the order was entered, the clerk immediately transferred the case to the Northern

District of California.  *Id.*  The day after the case was transferred, the plaintiffs filed a notice of appeal

with the Fifth Circuit.  *Id.*  The Plaintiffs then asked the Northern District of California to transfer the

case back to the Eastern District of Louisiana so that they could seek review with the Fifth Circuit.

*Id.*  The Northern District of California granted the request.

Unlike this case, the *Herman* order was appealable.  After the case was transferred back to

the Eastern District of Louisiana, the appeal in the Fifth Circuit proceeded.  The Fifth Circuit found

that it had appellate jurisdiction:

> First, we must determine whether we have jurisdiction. If the Louisiana district
> court's order transferring the case to the Northern District of California was

effective, then jurisdiction was in the California court at least until the retransfer to Louisiana; whether the appeal, which predated the retransfer, is precisely in order would be a question. On the other hand, if the court's dismissal of the action was effective, then the dismissal is an appealable final order and we have jurisdiction. *See Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 849 n.4 (5th Cir. 1990).

In its final order, the district court provided a detailed explanation of its reasons for concluding it lacked personal jurisdiction over the Defendants. At the end of this analysis, the court stated 'it is appropriate to decide whether this matter should be dismissed or transferred.' It then analyzed this question based on 28 U.S.C. § 1406(a), under which a district court "in which is filed a case laying venue in the wrong division or district" must transfer a case "if it be in the interest of justice." Concluding that standard was met, the court decided transfer was appropriate. But rather than order the case transferred pursuant to the alternative request in the Defendants' motion, the court granted the Defendants' motion to *dismiss*, and then "further ordered that this matter is transferred to the [United States] District Court for the Northern District of California."

The district court recognized it was faced with a choice whether to dismiss or transfer. *See* 28 U.S.C. § 1406(a) ("The district court . . . shall dismiss, *or if it be in the interest of justice, transfer* . . . .") (emphasis added). In its order, though, the court did both. We conclude that only one of the orders can be effective. A court's dismissal of an action results in an appealable final order, making a transfer invalid because the court no longer has authority over the matter. [footnote omitted] Because here the court clearly agreed with the analysis on the personal jurisdiction issue in the Defendants' motion to dismiss, and because its first order was to grant that motion, we conclude the court validly dismissed the action. This resulted in an appealable final order, making the transfer invalid. We have jurisdiction to hear the appeal pursuant to 28 U.S.C. § 1291.

*Herman v. Cataphora, Inc.*, 730 F.3d 460, 463–64 (5th Cir. 2013).  Therefore, it is no surprise that the Northern District of California concluded that "[a] grave miscarriage of justice would result if an administrative glitch were to deprive the Plaintiffs of an opportunity to seek appellate review in the transferor circuit" because the plaintiffs had a right to appeal.  *Herman*, 2013 U.S. Dist. LEXIS 9862 at *6.  The Transferor Court did not dismiss the case like the *Herman* court did, and therefore, is distinguishable from *Herman*.

Belkorp's arguments concerning a motion for reconsideration are likewise without merit.

District courts can reconsider interlocutory orders.[7]  *Rodirguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment"); *City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882 (9th Cir. 2001) ("A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law").  To be entitled to reconsideration, the movant must establish "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."  *Rodriguez*, 89 F. App'x at 959 (citing *Reich v. Hall Holding Co.*, 990 F. Spp. 955, 965 (N.D. Ohio 1998));  *Doutherd v. Montesdeoca*, No. 2:17-cv-0225 KJM JDP, 2021 U.S. Dist. LEXIS 86433, at *7 (E.D. Cal. May 4, 2021) ("While the Ninth Circuit appears not to have addressed the matter, some district courts in the Ninth Circuit have applied standards of review similar to those used with respect to Rule 60(b), which provide that reconsideration is appropriate when the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law, or other, highly unusual circumstances warranting reconsideration.") (cleaned up).  In this case, Belkorp has not identified a change of controlling law or new evidence.  And as explained above, the Court does not find that the Transferor Court committed clear error or that manifest injustice would result if this matter remains with this Court.  Further, Belkorp has not pointed this Court to any authority suggesting a district court must allow a party time to file a motion for reconsideration prior to transferring the case to another district.

For all these reasons, the Court does not find that the Transferor Court clearly erred when it

---

[7] The Eastern District of California also permits applications for reconsideration pursuant to its local rules.  *See* E.D. Cal. Local Rule 230 (j).

immediately transferred the case after granting VPI's motion to transfer.

**C.    The Court declines to certify Order for an interlocutory appeal under 28 U.S.C. § 1292(b)**

In its Motion to Retransfer, Belkorp "requests that the Court's Order on this motion be certified for immediate appeal in the Sixth Circuit, as this motion and the underlying issues of law are controlling questions of law as to which there is substantial ground for difference of opinion, and an immediate appeal will materially advance the ultimate termination of the litigation."  (Doc. No. 42, PageID #50.)  Construing 28 U.S.C. § 1292(b), the Sixth Circuit has held that "[t]he district court may certify an order for interlocutory appeal if it is 'of the opinion' that three conditions exist: '[1] the order involves a controlling question of law to which there is [2] substantial ground for difference of opinion and ... [3] an immediate appeal may materially advance the termination of the litigation.'" *In re Donald J. Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (citing 28 U.S.C. § 1292(b)). Allowing for interlocutory appeal is generally disfavored and should be granted "sparingly." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *see also Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966); *United States Security & Exchange Comm'n v. Geswein*, 2 F.Supp.3d 1074, 1086 (N.D. Ohio 2014); *Lang v. Crocker Park, LLC*, No. 1:09 CV 1412, 2011 U.S. Dist. LEXIS 83451, at *6 (N.D. Ohio July 29, 2011). An interlocutory appeal is "not intended as a 'vehicle to provide early review of difficult rulings in hard cases.'" *Infocision Mgmt. Corp. v. Found. for Moral Law, Inc*., No. 5:08CV1342, 2010 U.S. Dist. LEXIS 114171 at *27 (N.D. Ohio Oct. 27, 2010) (quoting *Cromer Fin. Ltd. v. Berger*, No. 00 CIV. 2284 (DLC), 2001 U.S. Dist. LEXIS 11951, at *4 (S.D.N.Y. Aug. 16, 2001)). The decision of whether to certify an interlocutory appeal pursuant to § 1292(b) lies within the discretion of the court. *See Infocision*, 2010 U.S. Dist. LEXIS 114171, at *27. "[D]oubts regarding appealability . . . [should be] resolved in favor of finding that the interlocutory order is not

appealable." *United States v. Stone*, 53 F.3d 141, 143–144 (6th Cir. 1995); *see also Geswein*, 2 F.Supp.3d at 1086.

Even assuming that this "order involves a controlling question of law to which there is substantial ground for difference of opinion," an immediate appeal will not materially advance the termination of the litigation. This case has been pending since 2023, and this case has not progressed further than VPI filing an Answer. Over two years been spent deciding where this case should be litigated. No dates have been set, and no discovery has been exchanged. Thus, an appeal will simply delay this case further and will not decide any substantive issues in this case. *See Morgantown Mach. & Hydraulics of Ohio, Inc. v. Am. Piping Prods.*, No. 5:15-cv-1310, 2016 U.S. Dist. LEXIS 85417, at *11 (N.D. Ohio June 30, 2016) (declining to certify an interlocutory appeal over decision to transfer the case because "[i]n either court, the substantive issues that this Court expressly declined to consider would still remain for resolution, but would have been delayed by however long the interlocutory appeal would take."). The Court therefore declines to certify this matter for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## IV. Conclusion

For the reasons set forth herein, Belkorp's Motion to Retransfer (Doc. No. 42) is DENIED.

**IT IS SO ORDERED.**

        *s/Pamela A. Barker*
        PAMELA A. BARKER
Date: January 8, 2026        U. S. DISTRICT JUDGE